**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

MICHAEL ANTONIO CORNELIUS,

    Plaintiff,

v.

SGT. ANDREW JENKINS; and C/O II
BERNARD JOINER,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-125

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, contesting certain events that occurred during his incarceration at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) Plaintiff concurrently filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.[1] However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's retaliation claims and claims against Defendant Joiner and **DENY** Plaintiff leave to appeal *in forma pauperis* as to his retaliation claims and his claims against Defendant Joiner.

## PLAINTIFF'S ALLEGATIONS[2]

On December 23, 2014, Plaintiff was returning to his dorm when Defendant Joiner refused to let him pass through the entry. (Doc. 1, p. 5.) Instead, Defendant Joiner searched Plaintiff and seized his homework. Plaintiff alleges that Defendant Joiner did so because

---

[1] Plaintiff submitted an *in forma pauperis* form for prisoner plaintiffs, however, it appears Plaintiff is no longer in prison. The Court deems this *in forma pauperis* Motion sufficient to satisfy the application for non-prisoner *in forma pauperis* applicants.

[2] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

Plaintiff filed a grievance against him. (Id.) Other officers arrived at the scene, cuffed Plaintiff, and escorted him to medical. (Id.) Sometime during this escort, Defendant Jenkins punched Plaintiff several times while he was down and still cuffed. (Id.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); Dingler ex rel. Dingler v. Georgia, No. 17-13253, 2018 WL 1037005, at *3 (11th Cir. Feb. 23, 2018) (per curiam) ("[Section 1915(e)] plainly applies to anyone proceeding *in forma pauperis*, 'prisoners and non-prisoners alike.'") (citation omitted); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.     Claims Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

Consequently, the Court should **DISMISS** Plaintiff's monetary claims against Defendants in their official capacities.

## II. Retaliation Claims

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)). "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant,

637 F.3d at 1212. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff fails to provide "sufficient factual matter" to support a claim of retaliation against Defendant Joiner. Iqbal, 556 U.S. at 678. Plaintiff alleges that he filed a grievance against Defendant Joiner, which constitutes constitutionally protected speech. However, Plaintiff fails to provide sufficient facts to show that he suffered an adverse action sufficient to "deter a person of ordinary firmness from engaging in such speech." Smith, 532 F.3d at 1276. Plaintiff avers that Defendant Joiner would not allow him to return to his dorm room, searched him, and ultimately seized his homework. These facts are insufficient to establish the second element of a plausible retaliation claim.[3] Accordingly, the Court should **DISMISS** Plaintiff's retaliation claims.

## III. Excessive Force Claims

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter,

---

[3] Plaintiff also alleges that Defendant Joiner "use[d] wrongful[] force on me," (doc. 1, p. 5), but this allegation is inadequate for the reasons discussed in Section III of this Report.

501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff has made sufficient allegations to state a plausible claim that Defendant Jenkins used excessive force against him on the date of the incident. Plaintiff alleges that Defendant Jenkins punched him several times without provocation and while Plaintiff was fully cuffed. (Doc. 1, p. 5.) Accordingly these claims survive frivolity review.

However, Plaintiff fails to state sufficient facts to support a claim for excessive force against Defendant Joiner. Plaintiff's only allegation against Defendant Joiner is that he "use[d] wrongful[] force on me." (Id.) This conclusory allegation is insufficient to state a claim. Fed. R. Civ. P. 8(a)(2); Iqbal, 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the defendant-unlawfully-harmed me accusation."). Thus, the Court should **DISMISS** Plaintiff's claims against Defendant Joiner.

**IV. Leave to Appeal *in Forma Pauperis***

Should the Court accept my recommendation to dismiss Plaintiff's claims against Defendant Joiner, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to Defendant Joiner. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be

6

appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims against Defendant Joiner, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to Defendant Joiner.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's retaliation claims and claims against Defendant Joiner and **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## REMAINING CLAIM AND DEFENDANT

As stated above, Plaintiff arguably states a colorable claim for excessive force against Defendant Jenkins. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Jenkins by the United States Marshal without prepayment of cost.

The Court further **DIRECTS** the Clerk of Court to file and serve the Court's standard Rule 26 Instruction Order, as Plaintiff is not incarcerated. The parties are urged to read and

follow the instructions contained within that Order. Additionally, given Plaintiff's *pro se* status, the Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

**Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.**

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney(s) for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will require prepayment at the rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. **Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.**

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's

motion.  **The Court may dismiss Plaintiff's case for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.**

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of March, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA